**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5479-16T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MARILYN NADEAU,

    Defendant-Appellant.

_____

Submitted October 23, 2018 – Decided February 4, 2019

Before Judges Rothstadt and Gilson.

On appeal from Superior Court of New Jersey, Law Division, Morris County, Indictment No. 13-02-0230.

Joseph E. Krakora, Public Defender, attorney for appellant (Andrew R. Burroughs, Designated Counsel, on the brief).

Fredric M. Knapp, Morris County Prosecutor, attorney for respondent (Erin Smith Wisloff, Supervising Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Marilyn Nadeau appeals from the denial of her petition for post-conviction relief (PCR) without an evidentiary hearing. For the reasons that follow, we affirm.

Defendant's conviction arose from her role in a December 29, 2012 carjacking with her then-boyfriend, co-defendant Joseph DeFreitas. On that day, defendant was initially a passenger in a car driven by DeFreitas. After stopping at a coffee shop, where DeFreitas and defendant first observed their victim, they got into their car, followed, and then pulled up alongside the victim's vehicle. DeFreitas got out of his car and using an imitation handgun, forced the victim to move over so he could drive her car. Defendant drove DeFreitas' vehicle, following him as he drove the victim's car to her bank. Upon their arrival, DeFreitas gave defendant the victim's ATM card, which defendant used to withdraw funds from the victim's account, using the "PIN" the victim provided to DeFreitas. Afterward, defendant and DeFreitas stole the victim's credit cards. DeFreitas then tied the victim up with an electric cord and placed her in the trunk of her car, which he and defendant left behind at a warehouse during the New Year's holiday weekend. Defendant and DeFreitas later used the victim's credits card in various stores.

After defendant's arrest, a grand jury indicted her and DeFreitas, charging them in an eleven-count indictment with various crimes, including first-degree kidnapping, N.J.S.A. 2C:13-1(b)(1); first-degree armed robbery, N.J.S.A. 2C:15-1(a)(1); and first-degree carjacking, N.J.S.A. 2C:15-2(a)(1). On April 29, 2015, defendant pled guilty to one count of first-degree armed robbery, as charged in the indictment's second count. The sentencing court imposed an aggregate sentence of eleven years, subject to an eighty-five percent period of parole ineligibility under the No Early Release Act, N.J.S.A. 2C:43.-7.2. It also dismissed all of the other charges against her. Defendant's sentence was less than what the prosecutor had recommended in the plea agreement.

Defendant filed a direct appeal, arguing only that her sentence was excessive. We affirmed her sentence. State v. Nadeau, No. A-0015-15 (App. Div. Feb. 9, 2016). The Supreme Court denied her petition for certification. State v. Nadeau, 228 N.J. 405 (2016).

Defendant filed her PCR petition on September 12, 2016, in which she argued that she received ineffective assistance of counsel (IAC) from her plea counsel because there was no evidence linking her to any crime other than using the victim's credit cards, and counsel failed to investigate the evidence that exculpated her from the other charges made against her. Specifically, she stated

that DeFreitas, who was already convicted and imprisoned when she pled guilty, "was willing to testify on [her] behalf," and had written "an aff[i]davit to th[at] effect, w[h]ich [her] attorney saw and advised [her] that [it] co[u]ld not . . . help" her. Her petition, however, did not include a copy of the affidavit.

Defendant also argued that her attorney failed to interview DeFreitas, or the victim, who defendant claimed could not identify her because she did not participate in the crimes. She also claimed that counsel should have moved to suppress her statement to police because she was manipulated into making the statement, and that counsel forced her to accept the plea.

PCR counsel later submitted a brief and amended petition on defendant's behalf. Defendant's amended petition stated that trial counsel told her she could not go to trial because she was "Puerto Rican [and] . . . would never be acquitted by a white jury."[1] Also, despite her telling counsel she had been abused by men, he "took advantage of her timid nature . . . and pressured her to accept the plea." She claimed she was asleep in the car when DeFreitas committed the carjacking and she was unaware that he tied up the victim and placed her in the trunk of her car until after it happened. According to defendant, her attorney "told her . . .

_____

[1] Defendant, a fifty-three-year-old citizen who was born in Puerto Rico, has lived in the United States since the age of seventeen and attended college in Hartford, Connecticut.

A-5479-16T3

to lie and tell the court exactly what they needed to hear in order to accept the plea." Defendant confirmed, however, that she authorized her counsel to negotiate a plea, but only for using the victim's credit cards. Moreover, defendant claimed that the attorney told her that under her plea, she would be receiving an eight-year sentence and not the eleven years imposed by the court. In the brief, defendant reiterated her factual contentions and argued that she established her entitlement to relief under the controlling case law and that her petition was not time-barred.

The PCR court considered the parties' submissions and counsels' oral arguments before denying defendant's petition by order dated July 5, 2017. In its oral decision placed on the record on the same date, the court acknowledged that from its reading of the record, defendant was not the "primary moving force in the horrific incident[,]" but found she did act as an accomplice. The court stated that "looking back at all of . . . the proofs including, apparently a written admission of guilt by the defendant," that they "were strong." It concluded that in light of the charges that defendant was facing, trial counsel's negotiation of a plea at the "lower range of one of the charges" supported the PCR court's finding that counsel "was operating as competent and sensible counsel. Making the best

out of a bad situation[,]" which was "as much as any effective attorney could be asked to do."

Turning to defendant's specific allegations of IAC, and relying upon the transcript of defendant's plea hearing, the PCR court concluded that her contentions were belied by the record. The PCR court reviewed defendant's answers to the plea form's questions and her sworn testimony before the plea court in which she gave a detailed account of her involvement in the crime and confirmed repeatedly that she wanted to plead to the one charge. The PCR court concluded that "[t]he allegations against the defense attorney [were] completely contravened by the details of the transcript," which established that defendant entered a knowing and voluntary plea.

Applying the standard for PCR under Strickland v. Washington, 466 U.S. 668 (1984), the court found defendant failed to establish that counsel's performance fell below the standard required under Strickland's first prong. According to the court, applying the "strong presumption" that counsel "provided reasonably effective assistance . . . this attorney did the very best he could."

As to Strickland's second prong, the PCR court concluded that based on the proofs, defendant would not have reasonably chosen to go to trial as she was

exposed to substantial prison time.  According to the PCR court, under the circumstances, it would have been IAC had counsel not recommended that defendant accept the plea offer because a jury trial would have been a "disaster for . . . defendant," and if "counsel . . . tried to concoct a defense . . . [it] would have been a legal suicide."  Accordingly, the PCR court concluded there was no entitlement to an evidentiary hearing because defendant failed to establish a prima facie claim of IAC.  This appeal followed.

Defendant presents the following issues for our consideration in her appeal.

POINT I

DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF IS NOT PROCEDURALLY BARRED.

POINT II

AS DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, SHE IS ENTITLED TO POST-CONVICTION RELIEF.

1. PLEA COUNSEL PRESSURED DEFENDANT TO ACCEPT THE PLEA OFFER.

2. PLEA COUNSEL FAILED TO PROPERLY INVESTIGATE THE CASE.

3. THE CUMULATIVE ERRORS COMMITTED BY TRIAL COUNSEL REQUIRE POST-CONVICTION RELIEF.

POINT III

AS THERE ARE GENUINE ISSUES OF MATERIAL FACTS IN DISPUTE, AN EVIDENTIARY HEARING WAS REQUIRED.

POINT IV

DEFENDANT IS ENTITLED TO A NEW PCR HEARING DUE TO INEFFECTIVE ASSISTANCE OF PLEA COUNSEL.

1. DEFENDANT HAD THE DEFENSE OF DURESS.

2. PCR COUNSEL FAILED TO PRESENT EXCULPATORY EVIDENCE.

Our review of a denial of PCR without an evidentiary hearing is de novo. In our review, it is within our authority "to conduct a de novo review of both the factual findings and legal conclusions of the PCR court." State v. Harris, 181 N.J. 391, 419, 421 (2004) (citing Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

The standard for determining whether counsel's performance was ineffective for purposes of the Sixth Amendment was formulated in Strickland, 466 U.S. at 687, and adopted by our Supreme Court in State v. Fritz, l05 N.J.

A-5479-16T3

42, 49 (l987).  In order to prevail on a claim of ineffective assistance of counsel, defendant must establish both that: (1) counsel's performance was deficient and he or she made errors that were so egregious that counsel was not functioning effectively as guaranteed by the Sixth Amendment to the United States Constitution; and (2) the defect in performance prejudiced defendant's rights to a fair trial such that there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 687, 694.

The Strickland two-prong analysis applies equally to convictions after a trial or after a defendant pleads guilty.  In the context of a PCR petition challenging a guilty plea, the second Strickland prong is satisfied when a defendant establishes that "there is a reasonable probability that, but for counsel's errors [he or she] would not have pled guilty and would have insisted on going to trial."  State v. Gaitan, 209 N.J. 339, 351 (2012) (quoting State v. Nunez-Valdez, 200 N.J. 129, 139 (2009)).  A defendant who claims ineffective assistance of plea counsel must also show that "a decision to reject the plea bargain would have been rational under the circumstances."  Padilla v. Kentucky, 559 U.S. 356, 372 (2010); see also State v. Maldon, 422 N.J. Super. 475, 486 (App. Div. 2011).

In determining whether a defendant has established a claim for PCR, courts should not rely solely upon unsupported allegations that a defendant would have rejected a plea offer. "Courts should not upset a plea solely because of post hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." Lee v. United States, 137 S. Ct. 1958, 1967 (2017).

We conclude from our de novo review that defendant failed to establish a prima facie showing of IAC and we affirm substantially for the reasons stated by the PCR court in its oral decision. Accordingly, the PCR court correctly concluded that an evidentiary hearing was not warranted. See State v. Preciose, 129 N.J. 451, 462 (1992). We only add that defendant's reliance on her and DeFreitas' "bald assertions" of defendant's innocence fall short of establishing a prima facie claim of ineffective assistance. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). See also State v. Allen, 398 N.J. Super. 247, 258 (App. Div. 2008) (recognizing that post-trial exculpatory statements of a co-defendant may be "inherently suspect"); State v. Robinson, 253 N.J. Super. 346, 367 (App. Div. 1992) ("a sentenced co-defendant [has] nothing to lose by

exonerating" his cohort (quoting United States v. Castano, 756 F. Supp. 820, 824 (S.D.N.Y. 1991))).[2]

Turning to defendant's claim of ineffective assistance of PCR counsel, we note that in support of her argument, defendant supplied us with a copy of a sworn statement dated December 15, 2014 from DeFreitas that was not included in defendant's petition. The affidavit stated that defendant "was with [DeFreitas] . . . but she did not play a role in the crimes that were committed. All she did was use the credit cards, which [DeFreitas] made her do. She had no part in the other crimes committed." Whether, as defendant argues, PCR counsel's failure to include the affidavit in her petition rose to IAC was never raised before a trial court and therefore is better suited for consideration in a second PCR petition. See State v. Arthur, 184 N.J. 307, 327 (2005) (citing Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973)); R. 3:22-4(b)(2)(C).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[2] In light of our determination on the merits of defendant's PCR claim, we need not address whether her petition was time barred under Rule 3:22-4. We only observe that, as defendant described, the PCR court's "suggestion" that it might be barred was not a ruling by that court.

A-5479-16T3